## Akerly v. Zoning Board of Appeals

*S. A. Sisson,* for appellant.

*J. B. Held, city solicitor,* for appellee.

EVANS, P. J., November 23, 1955.—Before us here is an appeal from an order of the zoning administrator of the City of Erie, affirmed by the zoning board of appeals denying appellant the right to conduct in his home a small business operation which consists of making and fitting trusses and belt braces.

The appellant is about 70 years of age, and for many years as a partner in a drugstore specialized in this type of work. After the sale of this drugstore interest he equipped a room in the basement of his home to continue his specialty with no assistants or employes.

His equipment consists of a sewing machine, an assortment of shears, knives, vises and wrenches. The operation causes no noise or disturbance to the neighborhood, and no objections by the neighbors were registered with the zoning administrator or this court. An average of six customers per day call to purchase, and have fitted, trusses and braces. At times elastic hosiery is also sold.

Under the Zoning Ordinance of the City of Erie appellant's residence is located in "B" residential district and accessory permitted uses thereof under section 204 of said ordinance are as follows: "An office such as that of a physician, dentist, musician, artists, or other professional person when located within or directly attached to his or her building which is primarily used as a dwelling; and similar home occupations such as dressmaking or millinery."

Appellant contends that his occupation as a truss and brace fitter is similar to "home occupations such as dressmaking or millinery". With this we reluctantly must disagree. Were this use to be permitted, it might well be extended to include the making of crutches and possibly wheel chairs for invalids. It would logically follow that one could repair locks or guns, make bicycle repairs, or conduct any small business as an incidental use of his dwelling. Such construction of the ordinance would open the entire city to establishment of small business throughout residential areas.

The term "home occupation" is any lawful occupation customarily conducted in a dwelling as an incidental use. The manufacture, fitting and sale of trusses and braces is not one customarily conducted in one's home, and this conclusion reached by the zoning board of appeals is not so arbitrary and unreasonable as to justify our interference.

This conclusion is supported in the recent case of Taddeo v. Zoning Board of Adjustment, 3 D. & C. 2d 454.

And now, to wit, November 23, 1955, the appeal filed October 21, 1955, in the above entitled matter is dismissed.